UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAY PATTON, #136193, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-146-TAV-CCS |
| | ) | |
| JUSTIN HAMBY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 filed by plaintiff Jay Patton ("plaintiff"). The matter is before the Court on the motion for summary judgment filed by the only remaining defendant in this case, Justin Hamby ("defendant"). As plaintiff did not file a response to the motion for summary judgment, the Court deems plaintiff has waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. TN. LR 7.2. For the following reasons, the motion for summary judgment will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**.

I. **Standard of Review**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of

the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

A district court cannot grant summary judgment simply because the non-moving party has not responded, but rather must, at a minimum, examine the motion to ensure that the moving party has met its initial burden. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Where no response to a summary judgment motion is filed, however, the court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). "Rather, in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof,

2

in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are uncontroverted." *Id*. (internal quotation marks omitted). If that evidence supports the conclusion that no genuine issue of material fact exists, the court will determine that the moving party has met its burden, and "judgment shall be rendered forthwith." *Id*. (alteration omitted).

The Court has carefully reviewed the entire record, including those particular parts of the record which defendant cites in his motion and accompanying memorandum. *See* Fed. R. Civ. P. 56(c)(1)(A). The record supports defendant's recitation of the material facts, and the Court therefore relies on them as undisputed. *See Guarino*, 980 F.2d at 407.

## II. Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). His complaint concerns an incident that he alleges occurred during his confinement in the Morgan County Correctional Complex (MCCX). Defendant is a MCCX correctional officer.

The complaint alleges that plaintiff was violently assaulted by defendant and others [Doc. 2 p. 6].[1] Plaintiff specifically states that on March 19, 2012, he was preparing his cell for an inspection when the warden and others came to his cell [*Id.* at 8]. Plaintiff asserts that at that time, a deputy warden repeatedly told plaintiff that they were

---

[1] As the complaint includes allegations against a number of now-dismissed defendants and/or unknown correctional officers, the Court will set forth the allegations of the complaint which, liberally construed, appear to relate to this defendant, as well as those allegations which provide context.

3

going to ship him to another prison so that he could visit with his family and that plaintiff replied "I'm ready to go" because he was not allowed to visit with his family at MCCX [*Id.*]. Plaintiff states that he was trying to explain to the warden that he needed his undivided attention regarding visitation issues, but that the warden cussed him and his family and that he and the warden then cussed at each other [*Id.* at 8–9]. Plaintiff asserts that an extraction team, which included defendant, then forcefully extracted him from his cell, with orders from the warden to beat him down [*Id.* at 9]. Plaintiff alleges that defendant "manhandled [him] forcefully and roughly" in handcuffing and shackling him [*Id.*].

Plaintiff further alleges that after he was taken from Unit 24A to Unit 24C, he was told that he was going to be taken to anger management, that his clothing would be removed, that he would be given a paper gown, and that he would only get finger food [*Id.*]. Plaintiff states that he told the officer who gave him this information and who knew how plaintiff had been treated that he was going to put him in the lawsuit too [*Id.*]. Plaintiff alleges that defendant and another unknown officer then slammed his head into a steel door, that he was bleeding, and that all the guards then "piled on and roughhoused" him [*Id.*]. Plaintiff asserts that he told other inmates to come to their doors to witness the brutality of the officers as they were beating him up even though he was not resisting [*Id.*].

Plaintiff also alleges that when he got to the new cell, he was "slammed head first into the floor by [defendant] and [an] unknown correctional officer that busted [his] head

4

open before [he] got in to the Unit 24C steel sliding door" [*Id.*]. Plaintiff states that he was then beaten and stripped in a manner that was humiliating [*Id.*]. Plaintiff states that the acts alleged in the complaint were done "maliciously and sadistically to cause harm and bodily pain," that he has a scar, and that he has suffered and continues to suffer eye and eye socket pains, eye tremors, and mental anguish [*Id.* at 10]. Plaintiff seeks both injunctive relief and money damages for a two to four inch "gash" to his forehead and scar tissue [*Id.* at 6].

Defendant has filed a motion for summary judgment and a supporting memorandum which assert that defendant is entitled to summary judgment because he was not personally involved in any use of excessive force on plaintiff, the lack of a sufficient injury to plaintiff, and plaintiff's failure to exhaust administrative remedies [Docs. 23 and 24]. Defendant filed two affidavits, a certified copy of plaintiff's medical records, and a statement of material facts in support of his motion for summary judgment [Docs. 25, 26, 27, and 28].

In one of the affidavits filed in support of the motion for summary judgment, defendant testifies that on March 19, 2012, he was involved in a cell change for plaintiff and that, during this cell change, plaintiff "was restrained and moved from one cell to another cell without incident. [Plaintiff] voluntarily complied and there were no problems in the cell change" [Doc. 25 p. 1]. Defendant further testifies in this affidavit that "there was no use of force on March 19, 2012[,]" as to plaintiff [*Id.*]. Defendant also testifies that he "did not use excessive force on [plaintiff] on March 19, 2012" [*Id.* at 2].

5

The other affidavit filed in support of defendant's motion for summary judgment is from Shawn Phillips, and it states that:

> A cell extraction of an inmate is a use of force and is the forceful removal of an inmate from his cell when he will not voluntarily comply to be restrained and leave his cell. A cell extraction is authorized by the Shift Commander and would be documented in an incident report which would be entered into the TDOC computer.

[Doc. 26 p. 1]. Shawn Phillips further testifies that an "exhaustive search of all TDOC computer incident reports for incidents at MCCX in March and April 2012" was performed and that "[t]his search yielded no use of force incidents involving [plaintiff] in March and April 2012. There was no incident with [plaintiff] and [defendant] involving any use of force on or around March 19, 2012. There was no cell extraction of [plaintiff] on or around March 19, 2012" [*Id.* at 2].

The certified medical records defendant filed in support of defendant's motion for summary judgment include a mental health screening report from March 19, 2012 [Doc. 27 p. 21]. That report provides as follows in a section labelled "SUBJECTIVE/OBJECTIVE":

> [Plaintiff] was extremely angry this morning and had to be placed on behavior management after cursing the Warden. He did not threaten to harm himself, but did threaten to kill staff. He has had several write ups in the past few years where he has threatened staff, assaulted staff, or has been verbally aggressive with staff. PE 2 encouraged inmate to read books in his cell and to exercise at least 5 days per week Monday through Friday in the HSHU recreation area to help cope with stress/anger management. PE 2 urged inmate to avoid all write-ups and cooperate with all HSHU staff. PE 2 informed inmate of how to ask for mental health assistance while in HSHE. [Plaintiff] seems angry all the time and has been for many years. He is not liked by other inmates.

[*Id.*]. The "ASSESSMENT" section of this form states that plaintiff had an "[i]nadequate adjustment to maximum security housing unit" [*Id.*]. The certified medical records also contain a report showing that plaintiff was seen on March 20, 2012, for a complaint of a headache, and that during this visit plaintiff was advised to rest and "[r]educe stressors" [*Id.*]. This report has no mention of any other complaints from plaintiff or any injuries to plaintiff [*Id.*]. The certified medical records as a whole establish that plaintiff has sought medical treatment for various other complaints, including but not limited to hand, wrist, and elbow pain, ear infections, and chest pains, but has never sought medical treatment for any complaints relating to his eyes or any forehead wound [Doc. 27].

**III. Discussion**

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.")

Defendant has produced evidence that the incident underlying the complaint was an uneventful cell change in which no force was used. Defendant has also produced evidence that plaintiff never sought any medical care for the injuries that plaintiff alleges he received due to the alleged use of excessive force, despite seeking and receiving

7

Case 3:13-cv-00146-TAV-CCS   Document 33   Filed 05/27/15   Page 7 of 8   PageID #: 169

medical care for various other injuries. This undisputed evidence refutes all allegations against defendant in the complaint. Plaintiff could have filed a response to deny defendant's account of the incident on March 19, 2012, and/or the content of the medical records, but he did not. Defendant has, therefore, met his burden of establishing that no genuine issue of material fact exists. *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). Accordingly, the undisputed evidence establishes that plaintiff was not deprived of any federal right and defendant is therefore entitled to judgment as a matter of law.

## IV. Conclusion

The motion for summary judgment filed by defendant will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**. Plaintiff's motion to give answer and final discovery will be **DENIED as moot**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE